1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   DAVID A. SCHWARZ, Cal. Bar No. 159376
3  dschwarz@sheppardmullin.com
   BARBARA E. TAYLOR, Cal. Bar No. 166374
4  btaylor@sheppardmullin.com
   ZACHARY J. GOLDA, Cal. Bar No. 327532
5  zgolda@sheppardmullin.com
   JAMES V. FAZIO, Cal. Bar. No. 183353
6  jfazio@sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
7  Los Angeles, California 90067-6055
   Telephone:   310.228.3700
8  Facsimile:   310.228.3701

9  Attorneys for Plaintiff
   Southern California Healthcare System, Inc.,
10 d/b/a Southern California Hospital at Culver City

11          UNITED STATES DISTRICT COURT

12     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

13 SOUTHERN CALIFORNIA                    Case No. 2:21-cv-05052-MCS-RAO
   HEALTHCARE SYSTEM, INC., d/b/a         Hon. Mark C. Scarsi
14 SOUTHERN CALIFORNIA
   HOSPITAL AT CULVER CITY,
15                                        **NOTICE OF MOTION AND**
               Plaintiff,                 **MOTION TO STAY PENDING**
16                                        **DISPOSITION OF APPEAL;**
          v.                              **MEMORANDUM OF POINTS AND**
17                                        **AUTHORITIES IN SUPPORT;**
   CITY OF CULVER CITY; MAYOR            **DECLARATION OF BARBARA E.**
18 ALEX FISCH, in his official capacity;  **TAYLOR**
   VICE MAYOR DANIEL LEE, in his
19 official capacity; COUNCIL MEMBER
   YASMINE-IMANI MCMORRIN, in            Hearing:
20 her official capacity; COUNCIL         Date:          October 25, 2021
   MEMBER ALBERT VERA, in his            Time:          9:00 a.m.
21 official capacity; COUNCIL MEMBER     Courtroom:     7C
   GORAN ERIKSSON, in his official
22 capacity,                             Trial Date:    Not Set
                                          Action filed:  June 22, 2021
23             Defendants.

24

25 SERVICE EMPLOYEES
   INTERNATIONAL UNION –
26 UNITED HEALTHCARE WORKERS
   WEST,
27
               Intervenor.
28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 25, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 7C of the United States District Court, Central District of California, located at 350 W. 1st Street, Los Angeles, California, Plaintiff Southern California Healthcare System, Inc., d/b/a Southern California Hospital at Culver City ("SCHCC") will and hereby does move for an order staying proceedings ("Motion") in this Court until the Ninth Circuit decides SCHCC's appeal from the denial of its motion for preliminary injunction.

Defendants' and Intervenor SEIU's motions to dismiss the First Amended Complaint are also noticed to be heard on October 25, 2021.  SCHCC respectfully submits that this Motion should be heard first and that further briefing on the motions to dismiss be deferred until after this Motion is decided.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities and Declaration of Barbara Taylor, the pleadings and papers on file in this action, and any further evidence or argument that may be presented at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to L.R.7-3 which took place on September 15, 2021.

Dated:  September 22, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

DAVID A. SCHWARZ
BARBARA E. TAYLOR
ZACHARY J. GOLDA
Attorneys for Appellant Southern California
Healthcare System, Inc. d/b/a Southern
California Hospital at Culver City

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................. 4

II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........................ 4

III.  LEGAL STANDARD .......................................................................... 7

IV.   THIS COURT SHOULD STAY PROCEEDINGS PENDING
      DISPOSITION OF THE APPEAL ............................................................. 7

      A.   No Damage Will Result From Granting A Stay ............................... 9

      B.   SCHCC Will Suffer Inequity Should Proceedings In This Court Go
           Forward ............................................................................... 9

      C.   A Stay Will Promote The Orderly Course Of Justice ...................... 10

V.    CONCLUSION ................................................................................ 11

SMRH:4816-7637-4010.6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case should be stayed pending the Ninth Circuit's decision on Plaintiff Southern California Hospital at Culver City's ("SCHCC") appeal from this Court's denial of SCHCC's motion for preliminary injunction.  Defendants' and Intervenor SEIU's first motions to dismiss the complaint, made while the appeal was pending, confirmed that they are asking this Court to rule on legal issues that are before the Ninth Circuit.  In disregard of SCHCC's pre-filing advisement that the legal issues raised in their motions were before the Ninth Circuit, Defendants and SEIU proceeded to move to dismiss the complaint.  Now, they have moved to dismiss the first amended complaint, raising essentially the same issues as their motions to dismiss the complaint, and again in disregard of SCHCC's pre-filing advisement that the legal issues raised in their motions were before the Ninth Circuit.  A stay will ensure that this Court does not make any rulings that conflict with the Ninth Circuit's disposition of the appeal and law of the case.  Moreover, a stay will promote judicial efficiency, ensure an expeditious resolution of dispositive legal issues, avoid inequity to SCHCC without prejudicing Defendants or SEIU, and conserve the parties' resources while the appeal is pending.  This Court has already implicitly recognized the potential appropriateness of a stay, having invited SCHCC to amend the complaint and move for a stay when it advanced the hearing on the motions to dismiss the complaint.  *See* ECF 73.

## II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On July 23, 2021, SCHCC filed its notice of appeal from this Court's denial of SCHCC's motion for preliminary injunction.  ECF 60.  Beginning on July 27 through the prefiling meet and confer held on August 4, 2021, counsel for Defendants, SEIU, and SCHCC discussed Defendants' and SEIU's proposed motions to dismiss the complaint.  *See* ECF 72-2 [Ex. 2].  SCHCC's counsel stated their position that this Court did not have jurisdiction to rule on the issues that

would be raised by the proposed motions because those issues were before the Ninth Circuit. *Id.* Defendants and SEIU disagreed, and filed their motions to dismiss on August 18 and 19, 2021, respectively. *See* ECF 70 & 71.

On August 20, 2021, SCHCC filed its opening brief on appeal, presenting the following issues:

1.     Whether the Ordinance is preempted by the National Labor Relations Act ("NLRA"):

(a) expressly by NLRA section 8(d); or

(b) under "*Machinists*" preemption, which prohibits the City from interfering with the collective bargaining process between an employer and the designated labor representative of its employees.

2.     Whether the Ordinance violates the Equal Protection Clauses of the U.S. and California Constitutions (U.S. Const., amend. XIV, § 1 and Cal. Const., Art. I, § 7(a)) because there is no rational basis for the distinctions drawn by its classification in relation to the stated goals of the Ordinance.

3.     Whether the Ordinance violates the Contracts Clauses of the U.S. and California Constitutions (U.S. Const., Art. 1, sec. 10, cl. 1 and Cal. Const., Art I, § 9) because it substantially and retroactively impairs the contract rights of a single employer, and thus does not evince a significant and legitimate public purpose. *See* ECF 72-1 [Ex. 1 pp. 18-19]. SCHCC expressly asked the Ninth Circuit to reach the ultimate merits of these legal issues and direct this Court to enter a permanent injunction. *See* ECF 72-1 [Ex. 1 pp. 17 & 34-35].

In the briefing on their motions to dismiss the complaint, neither Defendants nor SEIU disputed that SCHCC's appeal and their motions to dismiss primarily raise the same legal issues. *See* ECF 74 & 75.[1] On September 1, 2021, this Court issued

---

[1] Defendants and SEIU cited cases in their replies for the proposition that the appeal of a preliminary injunction ruling does not preclude a district court from addressing the merits of a case. ECF 74 [pp. 2-6] & 75 [pp. 1-4]. However, none of the cited

a minute order characterizing SCHCC's opposition to the motions to dismiss as a request for a stay until the Ninth Circuit addressed SCHCC's appeal, advancing the hearing on the motions to dismiss to September 13, 2021, "remind[ing]" SCHCC that the Complaint could still be amended without leave, and stating: "Should Plaintiff so amend, the Court will vacate the hearing and would consider a separate motion to stay."  ECF 73.

In light of this Court's minute order, on September 3, 2021, SCHCC's counsel advised counsel for Defendants and SEIU that SCHCC intended to amend the complaint, proposed a stipulation that the motions to dismiss be withdrawn in anticipation of that amendment and given the Jewish holidays (September 6-8) that the amended complaint and motion to stay be filed on September 20, and requested a meet and confer on the motion to stay on or before September 13.  Declaration of Barbara E. Taylor ("Taylor Decl."), ¶3 & Ex. 1. On September 7, 2021, Defendants' counsel responded, declining to enter into the proposed stipulation and refusing to meet and confer on a motion to stay under after an amended complaint was filed and they had time to review it.  *Id.*  On September 8, 2021, SCHCC filed its first amended complaint.  ECF 76.  On September 9, 2021, this Court denied the motions to dismiss as moot and vacated the hearing.  ECF 77.

On September 13, 2021, counsel for Defendants and SEIU requested a meet and confer on their proposed motions to dismiss the first amended complaint.  Taylor Decl., ¶3 & Ex. 2.  SCHCC's counsel agreed to meet and confer and also advised that SCHCC's motion to stay would be addressed during the same meet and confer.  *Id.*, Ex. 2.  That meet and confer was held on September 15, 2021.  *Id.*, ¶4.  During that meet and confer, SCHCC's counsel proposed that the motion to stay be

cases concerned an appeal where the appellant asked the Ninth Circuit to rule on the merits, as opposed to whether the district court abused its discretion in ruling on the request for preliminary injunction.  That distinguishes SCHCC's appeal (ECF 72-1 [Ex. 1 pp. 34-35]) from the authority Defendants and SEIU cited.

heard before the motions to dismiss for purposes of efficiency; however, counsel for Defendants and SEIU rejected that proposal. *Id.*

## III.   LEGAL STANDARD

It is well-settled that a district court, in furtherance of its inherent authority to control its docket, has the power to stay proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Ninth Circuit has stated:

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court…. In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it.

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). "In considering whether to enter a stay, courts have broad discretion to decide whether a stay is appropriate to promote economy of time and effort of itself, counsel, and the litigants." *Casas v. Victoria's Secret Stores, LLC*, No. CV 14-6412-GW (VBKx), 2015 U.S. Dist. LEXIS 190394, at *11 (C.D. Cal. Apr. 9, 2015).

When a stay is proposed, district courts must weigh the competing interests affected by the grant or refusal of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 268). The factors considered include: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*

## IV.   THIS COURT SHOULD STAY PROCEEDINGS PENDING DISPOSITION OF THE APPEAL

Putting aside whether this Court even has authority to rule on issues before the Ninth Circuit (*see* ECF 72 Part IV.A.), discretionary stays of actions in the

1   district court are appropriate where another proceeding would result in relevant

2   findings, "even under the assumption that the court is not bound and controlled" by

3   the result of that proceeding.  *Levya*, 593 F.2d at 863 (affirming stay based on

4   pending arbitration).  The appropriateness of a stay applies with greater force where,

5   as here, the other proceeding is in an appellate court, and thus will establish the "law

6   of the case." *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)

7   (citing *U. S.  v. Lummi Indian Tribe*, 235 F.3d 443, 452  (9th Cir.2000)).  Simply

8   put: "A trial court may not … reconsider a question decided by an appellate court."

9   *U.S. v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986).

10          Thus, district courts routinely grant stays pending resolution of appeals.  *See,*

11  *e.g., Brown v. MHN Government Services, Inc*., No. 14-cv-1449, 2014 WL

12  2472094, at *3 (N.D. Cal. Jun. 3, 2014) (staying case pending resolution of appeals

13  in related cases because "the three cases involve the identical arbitration agreement,

14  similar or overlapping claims, and similar or overlapping classes"); *Hooper v. City*

15  *of Seattle*, No. C17-77 RSM, 2017 WL 11437103, *1 (W.D. Wash. Dec. 20, 2017)

16  (granting stay pending appeal where plaintiff sought class certification to challenge

17  policies enforced by city defendant).   Even more pertinent, district courts have

18  issued stays pending appeal from a preliminary injunction ruling.  *See, e.g., Kuang*

19  *v. U.S. Dep't of Def.*, No. 18-cv-03698-JST, 2019 WL 1597495, *2-7 (N.D. Cal.

20  Apr. 15, 2019); *Morgan Stanley & Co., LLC v. Couch*, No. 1:15-cv-1291-LJO-JLT,

21  2015 WL 7271717, at **2-3 (E.D. Cal. Nov. 17, 2015).  In *Kuang*, the court found

22  that a stay was appropriate, in part, because the "interlocutory appeal contains issues

23  that may dispose of the case or significantly reshape the merits."  2019 WL

24  1597495, at *6.[2]  In *Morgan Stanley*, the court granted a stay after finding that it

25

26  _____

27  [2] Although the Ninth Circuit has indicated that "trial preparation" should not "await
    an interim ruling on a preliminary injunction" the motivating concerns "'carry less
    force' where the critical issues are purely legal."  *Kuang*, 2019 WL 1597495 at *6

28  (citing *E. Bay Sanctuary Covenant v. Trump*, No. 18-CV-06810-JST, 2019 WL

was without jurisdiction to rule on a motion for summary judgment while the appeal from a grant of preliminary injunction enjoining related FINRA arbitration proceedings was pending.  2015 WL 7271717, at *3.

Here, all of the factors to be considered weigh in favor of a stay.

### A.    <u>No Damage Will Result From Granting A Stay</u>

The first factor to be considered is "the possible damage which may result from the granting of a stay."  *Lockyer*, 398 F.3d at 1110.  Here, there will be no damage should a stay be granted.  Neither Defendants nor SEIU will be prejudiced in any way by the modest stay SCHCC requests, i.e., this Court waiting to rule on their pending motions to dismiss and deferring other proceedings until after the Ninth Circuit decides the legal issues on appeal.

Since SCHCC's appeal has been automatically expedited under Ninth Circuit Rule 3-3, this action need only be stayed for a relatively short period of time (compared to other appeals) before the Ninth Circuit renders a decision.  Briefing will be complete no later than October 8, 2021.  Taylor Decl. ¶2.  Oral argument should take place on the next available calendar.

### B.    <u>SCHCC Will Suffer Inequity Should Proceedings In This Court Go Forward</u>

The second factor to be considered is "the hardship or inequity which a party may suffer in being required to go forward."  *Lockyer*, 398 F.3d at 1110.  Here, SCHCC will suffer inequity should proceedings in this Court go forward while the appeal is pending.  The resolution of SCHCC's claims will only be delayed and matters will only be complicated.  For example, assuming *arguendo* this Court has jurisdiction to rule on the pending motions to dismiss during the pendency of the appeal, granting those motions and entering judgment would likely extinguish

---

1048238, at *2 (N.D. Cal. Mar. 5, 2019)).  That is precisely this situation in SCHCC's case.

1   SCHCC's right to interlocutory review, as Defendants argued in support of its

2   motion to dismiss the complaint.  *See* ECF 74 [pp. 5:15-6:5].  SCHCC would be left

3   with no alternative but to appeal again and present the same issues to the Ninth

4   Circuit again.  Instead of the Ninth Circuit potentially remanding with instructions

5   to this Court to enter a permanent injunction, setting up the only issue left—

6   SCHCC's damages under its section 1983 cause of action—to be decided by this

7   Court, SCHCC would be faced with pursuing a second appeal—after the first appeal

8   was fully briefed and soon to be heard—but this time on non-expedited basis, which

9   could take many months if not years.  The resulting unnecessary delay would ensure

10  that SCHCC will not obtain a ruling from the Ninth Circuit before the Ordinance

11  expires.

12          **C.      A Stay Will Promote The Orderly Course Of Justice**

13          The third factor to be considered is "the orderly course of justice measured in

14  terms of the simplifying or complicating of issues, proof, and questions of law

15  which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110.

16          Here, the Ninth Circuit will necessarily decide the issues expressly presented

17  on appeal—whether the Ordinance is preempted by the NLRA, whether the

18  Ordinance violates the Equal Protection Clauses of the U.S. and California

19  Constitutions, and whether the Ordinance violates the Contracts Clauses of the U.S.

20  and California Constitutions.  *See* ECF 72-1 [Ex. 1 pp. 18-19].  Significantly,

21  SCHCC has asked the Ninth Circuit to reach the ultimate legal merits of these

22  claims, rather than decide whether this Court abused its discretion under the

23  standard for a preliminary injunction ruling.  *Id.* [Ex. 1 pp. 34-35]. These issues go

24  to the heart of the merits of this case.  And how the Ninth Circuit decides these

25  issues will necessarily inform SCHCC's other causes of action (i.e., Special

26  Legislation, Bill of Attainder, Violation of Due Process, and § 1983), as these

27

28

causes of action share legal and factual elements.[3]  It would be the height of inefficiency for this Court to rule ahead of the Ninth Circuit in a way that could potentially conflict with the Ninth Circuit's decision.  On the other hand, waiting for the Ninth Circuit's decision, and potential instructions on remand, will simplify matters.

## V.   **CONCLUSION**

For the foregoing reasons, SCHCC respectfully requests that this Court stay proceedings (including ruling on Defendants' and SEIU's pending motions to dismiss) until the Ninth Circuit issues its decision on SCHCC's appeal from this Court's denial of SCHCC's motion for preliminary injunction.

Dated:  September 22, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By

DAVID A. SCHWARZ
BARBARA E. TAYLOR
ZACHARY J. GOLDA
Attorneys for Appellant Southern California
Healthcare System, Inc. d/b/a Southern
California Hospital at Culver City

---

[3] The City and SEIU acknowledged as much in their motions to dismiss the Complaint.  *See* ECF 70 [pp. 21:2-14, 25:8-14]; ECF 71 [pp. 21:21-22, 22:20-23, 24:3-13].

## DECLARATION OF BARBARA E. TAYLOR

I, Barbara E. Taylor, declare as follows:

1.    I am an attorney duly admitted to practice before this Court.  I am Special Counsel to Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for Southern California Healthcare System, Inc. d/b/a Southern California Hospital at Culver City ("SCHCC"). If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.  This declaration is submitted in support of SCHCC's Motion to Stay Pending Disposition of Appeal.

2.    Per the Ninth Circuit's order, the briefing for SCHCC's appeal will be complete no later than October 8, 2021.

3.    On September 3, 2021, I advised counsel for the City and SEIU that SCHCC intended to amend the Complaint, proposed a stipulation that the motions to dismiss be withdrawn in anticipation of that amendment and given the Jewish holidays (September 6-8) that the amended complaint and motion to stay be filed on September 20, and requested a meet and confer on the motion to stay on or before September 13.  On September 7, 2021, the City's counsel responded, declining to enter into the proposed stipulation and refusing to meet and confer on a motion to stay under after an amended complaint was filed and they had time to review it.  The relevant email communications are attached as Exhibit 1.

4.    On September 13, 2021, counsel for the City and SEIU requested a meet and confer on their proposed motions to dismiss the First Amended Complaint.  I agreed to meet and confer and also advised that SCHCC's motion to stay would be addressed during the same meet and confer.  That meet and confer was held on September 15, 2021.  During that meet and confer, I proposed that the motion to stay be heard before the motions to dismiss for purposes of efficiency; however, counsel for the City and SEIU rejected that proposal.  The relevant email communications are attached as Exhibit 2.

1        I declare under penalty of perjury under the laws of the United States of
2   America that the foregoing is true and correct.
3        Executed on this 22nd day of September, 2021, at Los Angeles,
4   California.

5

6

7   _____
8   Barbara E. Taylor

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

# EXHIBIT "1"

**Zachary Golda**

---

**From:** Christopher Pisano <Christopher.Pisano@bbklaw.com>
**Sent:** Tuesday, September 7, 2021 3:34 PM
**To:** Barbara Taylor <BTaylor@sheppardmullin.com>; Jeffrey Dunn <jeffrey.dunn@BBKLAW.COM>; Daniel Richards <Daniel.Richards@bbklaw.com>; Genevieve Casey <genevieve@feinbergjackson.com>; Catha Worthman <catha@feinbergjackson.com>; bharland <bharland@unioncounsel.net>; whanley <whanley@unioncounsel.net>
**Cc:** David Schwarz <DSchwarz@sheppardmullin.com>; Zachary Golda <zgolda@sheppardmullin.com>
**Subject:** RE: Southern California Healthcare System, Inc. v. City of Culver City, et al.

Barbara:

In response to your request last week, do your clients intend to dismiss any claims in the First Amended Complaint? If Plaintiffs do not intend to dismiss any of the counts that are the subject of the pending motions to dismiss, we believe the hearing should proceed on the 13th, and will not stipulate to withdraw our motion to dismiss. The motion to dismiss is fully briefed and will be heard shortly. If any of the claims can be remedied by amendment, it would be most efficient at this point to allow the Court to make that determination and provide guidance as to what further factual development would be needed to cure any claims that can be cured.

As far as meeting and conferring on a motion to stay, you intend to seek a stay after filing a First Amended Complaint, correct? That is, the First Amended Complaint would be the operative pleading you would reference in your motion to stay? If that is the case, we do not believe we can meaningfully meet and confer on this motion prior to the First Amended Complaint being filed. The motion to stay will presumably be based on the same arguments made in Plaintiff's opposition to the motions to dismiss, and will involve the alleged similarity between the issues on appeal and the issues implicated in the continued exercise of the District Court's jurisdiction over the case while the interlocutory appeal is pending. Until we know what changes will be made in an amended complaint, we cannot meaningfully discuss the overlap between the issues on appeal and the issues before the district court. We will need a relatively short amount of time to review the First Amended Complaint, but would be happy to meet and confer after a First Amended Complaint is filed.

Chris

---

**From:** Barbara Taylor <BTaylor@sheppardmullin.com>
**Sent:** Friday, September 3, 2021 3:42 PM
**To:** Christopher Pisano <Christopher.Pisano@bbklaw.com>; Jeffrey Dunn <jeffrey.dunn@BBKLAW.COM>; Daniel Richards <Daniel.Richards@bbklaw.com>; Genevieve Casey <genevieve@feinbergjackson.com>; Catha Worthman <catha@feinbergjackson.com>; bharland <bharland@unioncounsel.net>; whanley <whanley@unioncounsel.net>
**Cc:** David Schwarz <DSchwarz@sheppardmullin.com>; Zachary Golda <zgolda@sheppardmullin.com>
**Subject:** RE: Southern California Healthcare System, Inc. v. City of Culver City, et al.

> **CAUTION - EXTERNAL SENDER.**

---

Thank you as well.  Have a great weekend.

**Barbara E. Taylor**
+1 213-617-5401 | direct

BTaylor@sheppardmullin.com | Bio

**Sheppard**Mullin
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
+1 213-620-1780 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Christopher Pisano <Christopher.Pisano@bbklaw.com>
**Sent:** Friday, September 3, 2021 2:59 PM
**To:** Barbara Taylor <BTaylor@sheppardmullin.com>; Jeffrey Dunn <jeffrey.dunn@BBKLAW.COM>; Daniel Richards <Daniel.Richards@bbklaw.com>; Genevieve Casey <genevieve@feinbergjackson.com>; Catha Worthman <catha@feinbergjackson.com>; bharland <bharland@unioncounsel.net>; whanley <whanley@unioncounsel.net>
**Cc:** David Schwarz <DSchwarz@sheppardmullin.com>; Zachary Golda <zgolda@sheppardmullin.com>
**Subject:** RE: Southern California Healthcare System, Inc. v. City of Culver City, et al.

Barbara:  This is an issue that we will need to discuss with our client.  They are not available today, but I will reach out to them first thing next week and get back to you.

Chris

---

**From:** Barbara Taylor <BTaylor@sheppardmullin.com>
**Sent:** Friday, September 3, 2021 11:42 AM
**To:** Christopher Pisano <Christopher.Pisano@bbklaw.com>; Jeffrey Dunn <jeffrey.dunn@BBKLAW.COM>; Daniel Richards <Daniel.Richards@bbklaw.com>; Genevieve Casey <genevieve@feinbergjackson.com>; Catha Worthman <catha@feinbergjackson.com>; bharland <bharland@unioncounsel.net>; whanley <whanley@unioncounsel.net>
**Cc:** David Schwarz <DSchwarz@sheppardmullin.com>; Zachary Golda <zgolda@sheppardmullin.com>
**Subject:** Southern California Healthcare System, Inc. v. City of Culver City, et al.

> **CAUTION - EXTERNAL SENDER.**

---

Hi All,

Judge Scarsi's September 1, 2021 Minute Order (attached) advanced the hearing on the motions to dismiss to September 13, invited us to amend the complaint (which would vacate the hearing on the motions to dismiss), and invited a motion for stay.  We plan to amend the complaint and move to stay.  Given the Jewish holidays (September 6-8), it is somewhat unrealistic to expect that these filings could be done before September 13.  Thus, we propose the following:  (1) the motions to dismiss will be withdrawn in anticipation of plaintiff amending the complaint; and (2) the amended complaint and motion to stay will be filed on September 20.  Please let us know as soon as possible whether you agree and if you do, we will prepare a stipulation and proposed order for your review to be filed next week.  We would also like to schedule a meet and confer on the motion to stay on or before September 13.

**Barbara E. Taylor**
+1 213-617-5401 | direct
BTaylor@sheppardmullin.com | Bio

**Sheppard**Mullin
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
+1 213-620-1780 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

This email and any files or attachments transmitted with it may contain privileged or otherwise confidential information. If you are not the intended recipient, or believe that you may have received this communication in error, please advise the sender via reply email and immediately delete the email you received.

# EXHIBIT "2"

# EXHIBIT "2"

| | |
|---|---|
| **From:** | Christopher Pisano |
| **To:** | Barbara Taylor; Genevieve Casey |
| **Cc:** | Zachary Golda; David Schwarz; Catha Worthman; Daniel Richards; Jeffrey Dunn; bharland; whanley |
| **Subject:** | RE: Second Meet and Confer re MTD.nrl |
| **Date:** | Monday, September 13, 2021 5:44:26 PM |

I will have my assistant set up a call and send out an invitation tomorrow.  Thanks.

**From:** Barbara Taylor <BTaylor@sheppardmullin.com>
**Sent:** Monday, September 13, 2021 5:41 PM
**To:** Genevieve Casey <genevieve@feinbergjackson.com>
**Cc:** Christopher Pisano <Christopher.Pisano@bbklaw.com>; Zachary Golda
<zgolda@sheppardmullin.com>; David Schwarz <DSchwarz@sheppardmullin.com>; Catha
Worthman <catha@feinbergjackson.com>; Daniel Richards <Daniel.Richards@bbklaw.com>; Jeffrey
Dunn <jeffrey.dunn@BBKLAW.COM>; bharland <bharland@unioncounsel.net>; whanley
<whanley@unioncounsel.net>
**Subject:** Re: Second Meet and Confer re MTD.nrl

**CAUTION - EXTERNAL SENDER.**

Works.

Sent from my iPhone


On Sep 13, 2021, at 5:31 PM, Genevieve Casey <genevieve@feinbergjackson.com>
wrote:


Hello,

Intervenor will be filing a motion to dismiss the First Amended Complaint as
well. We are available at 3:00 on Wednesday if the time works for SCHCC.

Thank you,
Genevieve

| | |
|---|---|
| **Feinberg Jackson Worthman & Wasow LLP** | GENEVIEVE CASEY<br>2030 Addison St., Ste. 500<br>Berkeley, CA 94704<br>Tel. 510/269.7998<br>feinbergjackson.com |

PRIVILEGE AND CONFIDENTIALITY NOTICE
This electronic mail message, and any documents, files, or previous e-mail transmissions attached
to or forwarded with it, may contain information that is privileged, confidential, and/or otherwise
legally protected and exempt from disclosure. Unless this message is addressed to you or you are
authorized to receive it for the person to whom it is addressed, any disclosure, copying,

distribution, or other use of the information contained herein is strictly prohibited. If you have received this electronic mail message in error, please destroy the message and any attachments immediately and notify the sender by reply e-mail to genevieve@feinbergjackson.com.

---

**From:** Christopher Pisano <Christopher.Pisano@bbklaw.com>
**Sent:** Monday, September 13, 2021 5:27 PM
**To:** 'Barbara Taylor' <BTaylor@sheppardmullin.com>
**Cc:** Zachary Golda <zgolda@sheppardmullin.com>; David Schwarz <DSchwarz@sheppardmullin.com>; Catha Worthman <catha@feinbergjackson.com>; Genevieve Casey <genevieve@feinbergjackson.com>; Daniel Richards <Daniel.Richards@bbklaw.com>; Jeffrey Dunn <jeffrey.dunn@BBKLAW.COM>
**Subject:** RE: Second Meet and Confer re MTD.nrl

Barbara:  How about 3:00 p.m. on Wednesday?  Would that work?

Chris

---

**From:** Barbara Taylor <BTaylor@sheppardmullin.com>
**Sent:** Monday, September 13, 2021 4:53 PM
**To:** Christopher Pisano <Christopher.Pisano@bbklaw.com>
**Cc:** Zachary Golda <zgolda@sheppardmullin.com>; David Schwarz <DSchwarz@sheppardmullin.com>; catha@feinbergjackson.com; genevieve@feinbergjackson.com; Daniel Richards <Daniel.Richards@bbklaw.com>; Jeffrey Dunn <jeffrey.dunn@BBKLAW.COM>
**Subject:** Re: Second Meet and Confer re MTD.nrl

> **CAUTION – EXTERNAL SENDER.**

---

Hi Chris,

We are available for a call anytime after 2:00 pm on Wednesday September 15.  We will be prepared at that time to discuss your proposed motion to dismiss.   We also intend to file a motion to stay and will be prepared to meet and confer with you regarding that proposed motion during the call as well.

Sent from my iPhone

> On Sep 13, 2021, at 2:22 PM, Lisa Whiteman
> <Lisa.Whiteman@bbklaw.com> wrote:

Please see attached correspondence from Christopher Pisano.

Thank you,

**Lisa Whiteman**
Administrative Coordinator
lisa.whiteman@bbklaw.com
<image001.jpg>        T: (310) 220-2169
                      www.BBKlaw.com
                      <image002.jpg>

                      <image002.jpg>

This email and any files or attachments transmitted with it may
contain privileged or otherwise confidential information. If you are
not the intended recipient, or believe that you may have received this
communication in error, please advise the sender via reply email and
immediately delete the email you received.
<Second Meet and Confer re MTD-c1.pdf>

<u>Attention:</u> This message is sent by a law firm and may contain information that is
privileged or confidential. If you received this transmission in error, please notify
the sender by reply e-mail and delete the message and any attachments.