1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   DAVID A. SCHWARZ, Cal. Bar No. 159376
3  dschwarz@sheppardmullin.com
   BARBARA E. TAYLOR, Cal. Bar No. 166374
4  btaylor@sheppardmullin.com
   ZACHARY J. GOLDA, Cal. Bar No. 327532
5  zgolda@sheppardmullin.com
   333 South Hope Street, 43rd Floor
6  Los Angeles, California 90071-1422
   Telephone:  213.620.1780
7  Facsimile:   213.620.1398

8  Attorneys for Plaintiff Southern California
   Healthcare System, Inc. d/b/a Southern
9  California Hospital at Culver City

10                UNITED STATES DISTRICT COURT

11     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13  SOUTHERN CALIFORNIA              Case No. 2:21-cv-05052-MSC-RAO
    HEALTHCARE SYSTEM, INC., d/b/a   Hon. Mark C. Scarsi
14  SOUTHERN CALIFORNIA
    HOSPITAL AT CULVER CITY,
15
                                     **PLAINTIFF'S REPLY**
16            Plaintiff,             **MEMORANDUM IN SUPPORT OF**
                                     **MOTION TO STAY PENDING**
17       v.                          **DISPOSITION OF APPEAL**

18  CITY OF CULVER CITY; MAYOR       Hearing
    ALEX FISCH, in his official capacity;
19  VICE MAYOR DANIEL LEE, in his    Date:    October 25, 2021
    official capacity; COUNCIL MEMBER Time:    9:00 a.m.
20  YASMINE-IMANI MCMORRIN, in       Courtroom:  7C, 350 W. 1st Street
    her official capacity; COUNCIL
21  MEMBER ALBERT VERA, in his
    official capacity; COUNCIL MEMBER
22  GORAN ERIKSSON, in his official   Complaint filed:    June 22, 2021
    capacity                         Trial Date:          Not Set
23
              Defendants.
24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................... 1

II. ARGUMENT ....................................................................................... 1

    A.    THE *LANDIS* TEST APPLIES TO DETERMINE THE
           APPROPRIATENESS OF A STAY ....................................... 1

    B.    THE RELEVANT FACTORS SUPPORT A STAY ............................ 3

          1.    SEIU And The City Have Not Identified Any Cognizable
               Harm That May Result From A Stay .......................................... 3

          2.    SEIU And The City Have Not Refuted The Risk Of Harm
               To SCHCC From This Case Proceeding While The
               Appeal Is Pending ...................................................................... 4

          3.    A Stay Will Promote The Orderly Course Of Justice ................ 5

    C.    THE CITY AND SEIU CITE NO AUTHORITY HOLDING
           THAT A DISTRICT COURT COMMITTED AN ABUSE OF
           DISCRETION IN GRANTING A STAY PENDING
           DISPOSITION OF AN APPEAL ........................................... 7

    D.    THIS COURT CAN ALSO GRANT A STAY IN
           RECOGNITION OF JURISDICTIONAL DIVESTITURE ................. 9

III. CONCLUSION ................................................................................... 9

# I.    INTRODUCTION

The City and SEIU have not presented any reason not to stay this case pending the Ninth Circuit's decision on the appeal from this Court's denial of SCHCC's motion for preliminary injunction.  The City and SEIU have not refuted the harm to SCHCC that would result should this Court not stay the case and go on to dismiss SCHCC's entire first amended complaint ("FAC"), or even some claims, while the appeal is pending.  Dismissal of the FAC and entry of judgment could result in the same issues now fully briefed in the Ninth Circuit and on the verge of oral argument not being resolved for many months if not years, as the City and SEIU would no doubt move to dismiss the pending appeal.  This would increase costs, waste time, and disserve judicial efficiency.  Given that SCHCC's opening brief on appeal demonstrates that the appeal raises serious legal issues, particularly regarding preemption under the National Labor Relations Act ("NLRA"), that may be dispositive and result in invalidation of the Ordinance, it makes no sense to, in effect, derail the appellate process now.  Moreover, a stay will ensure that this Court does not make any rulings that conflict with the Ninth Circuit's disposition of the appeal and law of the case.  In contrast to the risk of harm to SCHCC and impairment of judicial efficiency should a stay not be granted, the City and SEIU do not assert any cognizable harm they might suffer should a stay be granted.

# II.   ARGUMENT

## A.    THE *LANDIS* TEST APPLIES TO DETERMINE THE APPROPRIATENESS OF A STAY

The test set forth in *Landis v. North American Co*., 299 U.S. 248 (1936), applies to determine the appropriateness of a stay.  *See* ECF 83 7:4-24.  The City, however, argues that the test set forth in *Nken v. Holder*, 556 U.S. 418 (2009), should be applied.  ECF 88 24:21-28.  The key difference between the two tests is that *Nken* is more difficult to satisfy because it requires "a strong showing that he is likely to succeed on the merits" and a showing that "the applicant will be irreparably

1    injured absent a stay." *Nken*, 566 U.S. at 434.  In contrast to the City, SEIU

2    acknowledges that the *Nken* test is more applicable when there is a request to stay

3    the judgment or an order pending appeal, while the *Landis* test is more appropriate

4    when, as here, the request is to stay all proceedings.  ECF 90 3 n.5 (citing *Peck v.*

5    *Cty. of Orange*, No. CV194654DSFAFMX, 2021 WL 1186337, at *4 (C.D. Cal.

6    Mar. 26, 2021)).

7         SEIU is correct that most district courts have declined to apply the *Nken*

8    factors to requests for stays of proceedings.  *See Hart v. Charter Communications,*

9    *Inc.*, No. SA CV 17-0556-DOC (RAOx), 2019 WL 7940684, at *4 (C.D. Cal. Aug.

10   1, 2019) (holding that *Nken* does not apply "where, as here, a party seeks only to

11   stay the court's proceedings, rather than the effect of a judgment"); *Am. Hotel &*

12   *Lodging Ass'n v. City of Los Angeles*, No. CV 14-09603-AB (SSx), 2015 WL

13   10791930, at *2 (C.D. Cal. Nov. 5, 2015) ("*Nken* applies **specifically** to stays of the

14   enforcement of an order or judgment . . .") (emphasis in original); *McElrath v. Uber*

15   *Tech., Inc.*, No.16-cv-07241-JSC, 2017 WL 1175591, at *5 (N.D. Cal. Mar. 30,

16   2017) ("*Nken* addresses whether to stay the enforcement of a judgment, rather than

17   staying an action pending disposition of an appeal."); *Gillick v. Willey*, No. 4:19-cv-

18   03095 SEP, 2020 WL 5017291, at *2 n.1  (E.D. Mo. Aug. 25, 2020) (applying

19   *Landis* to stay proceedings and refusing request to apply "the more stringent

20   framework laid out in *Nken*").  Accordingly, the *Nken* test does not apply.

21        Under *Landis*, the only factors considered are: (1) "the possible damage

22   which may result from the granting of a stay"; (2) "the hardship or inequity which a

23   party may suffer in being required to go forward"; and (3) "the orderly course of

24   justice measured in terms of the simplifying or complicating of issues, proof, and

25   questions of law which could be expected to result from a stay." *Lockyer v. Mirant*

26   *Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 268).

27

28

## B.   THE RELEVANT FACTORS SUPPORT A STAY

### 1.   SEIU And The City Have Not Identified Any Cognizable Harm That May Result From A Stay

The City does not argue that it will suffer any harm should a stay be granted. ECF 88 22:12-24:19.  SEIU argues that a stay would delay resolution "for unknown length of time, causing prolonged uncertainty for union members and other hospital workers entitled to hazard pay under the Ordinance about whether any of the Hospital's legal challenges will succeed."  ECF 90 4:11-16.  This purported harm is fanciful at best because SCHCC has been paying "Premium Hazard Pay" as required by the terms of the Ordinance.[1]  Moreover, workers are not at risk of disgorgement should SCHCC prevail, as SCHCC is seeking damages from the City only and has represented to this Court that:  "Once payments are made, there is no legal recourse to claw back the bonuses."  ECF 11 3:10.  In fact, putting SCHCC in the position of potentially having to file a second appeal on a non-expedited basis will more likely cause "prolonged uncertainty."

Finally, SEIU argues harm to "lawmakers in other jurisdictions contemplating similar hazard pay ordinances for essential workers but looking for clarity about whether there is merit to the Hospital's legal arguments."  ECF 90 4:17-5:2.  Putting aside the speculative and hypothetical nature of this harm to unidentified lawmakers, it is delaying the Ninth Circuit's review of the issues that will impede "clarity." Thus, this purported harm would be exacerbated—not mitigated—by not granting a stay.

/ / /

/ / /

---

[1] Although there is some dispute over whether certain workers are covered by the Ordinance (ECF 89-1 [Ex. 1 p. 41 n.9]), a ruling on the pending motions to dismiss will not necessarily resolve this dispute over the interpretation of the Ordinance, while guidance from the Ninth Circuit could be helpful.

2. **SEIU And The City Have Not Refuted The Risk Of Harm To SCHCC From This Case Proceeding While The Appeal Is Pending**

The most significant risk of harm to SCHCC would be realized should this Court grant the City's and SEIU's pending motions to dismiss the FAC, as this would likely extinguish SCHCC's right to interlocutory review. *See* ECF 83 9:23-10:2. The City and SEIU effectively agree. ECF 88 23:12-13; ECF 90 5:1013 ("SEIU-UHW concurs with the Hospital that, if the Court dismisses its claims with prejudice and enters judgment before the Ninth Circuit rules on the interlocutory appeal, the Court of Appeals will likely find that the appeal is moot.") The pending appeal would either be dismissed outright or, be consolidated with SCHCC's appeal of this Court's judgment. Either way, the parties and this Court would be required to wait many months, if not years, for the Ninth Circuit to decide the issues that are on the verge of being resolved in the pending appeal. Not only would SCHCC lose its right to interlocutory review, but the resulting delay would guarantee that SCHCC could not obtain review before the Ordinance expires in mid-November 2021.

The City argues that the "only 'harm' that SCHCC would suffer if the stay is denied is that it would be required to litigate the lawsuit it chose to file, and defend the claims it chose to bring through its oppositions to the motions to dismiss. This is not prejudice at all." ECF 88 23:16-19. This argument ignores that dismissal would delay resolution of the substantial legal issues already fully briefed on appeal—negating all of the effort and expense incurred by all parties—and thwart the purpose of the expedited appellate briefing schedule provided under Ninth Circuit Rule 3-3. SEIU inexplicably argues that allowing the pending appeal to proceed without any rulings by this Court that could affect its progress will not ensure that SCHCC's claims are resolved sooner than they would be if this Court entered judgment of dismissal. ECF 90 5:9-10.

The City and SEIU argue that even if the Ninth Circuit were to decide the issues presented on the pending appeal, that would not resolve anything, since the resolution of an appeal from a preliminary injunction order would not prevent the parties from challenging the same legal issues on appeal from a final judgment. ECF 88 23:14-15; ECF 90 5:17-6:2. But on a second appeal to the Ninth Circuit following entry of final judgment, none of the parties could challenge any pure issues of law already decided by the Ninth Circuit on the first appeal because those issues would be the "law of the case." *E.g.*, *Humanitarian Law Project v. U.S. Dep't. of Justice*, 352 F.3d 382, 393 (9th Cir. 2003), *vacated on other grounds by* 393 F.3d 902 (9th Cir. 2004) (holding that four issues decided on appeal from a preliminary injunction decision were considered in full and resolved as matters of law and thus, the law of the case doctrine prevented further review of those issues in subsequent appeal); *Ranchers Cattlemen v. U.S. Dept. of Ag.*, 499 F.3d 1108, 1114 (9th Cir. 2007) ("A fully considered appellate ruling on an issue of law made on a preliminary injunction appeal . . . become[s] the law of the case for further proceedings in the trial court on remand **and in any subsequent appeal**") (emphasis added). The City and SEIU ignore that SCHCC is asking the Ninth Circuit to resolve ultimate issues of law. ECF 72-1 [Ex. 1 pp. 17-18]. Moreover, the City and SEIU both take the position that no further factual development is required in this litigation, as demonstrated by their requests that SCHCC's claims be dismissed with prejudice. ECF 79 1:7-9; ECF 84 2:19-20. The City's and SEIU's protestations that the Ninth Circuit would want this case advanced on the merits for a more fully developed factual record contradict their own position. In any event, given the primacy of legal issues now on appeal, further development of the factual record is not necessary.

### 3. A Stay Will Promote The Orderly Course Of Justice

SCHCC does not simply seek to "skip" this Court's proceedings, as argued by the City. ECF 88 24:7-18. Rather, SCHCC recognized that this Court decided

issues of law that can be reviewed by the Ninth Circuit without further factual development and that have the potential to result in invalidation of the Ordinance on preemption and or constitutional grounds.  ECF 72-1 [Ex. 1 pp. 17-18, 33-34].

Accordingly, the reasoning in *Kuang v. U.S. Dep't of Defense*, No. 18-cv-03698-JST, 2019 WL 1597495 (N.D. Cal. Apr. 15, 2019), is persuasive.  *Kuang* held that a stay was appropriate because the preliminary injunction appeal presented potentially dispositive issues of law.  *Id.* at *6.  Moreover, *Kuang* squarely addressed the argument the City and SEIU make—that the Ninth Circuit has admonished against a stay where a preliminary injunction appeal is pending—by explaining that the Ninth Circuit's concerns "'carry less force' where the critical issues are purely legal."  *Id.*  Nor is *Kuang* an outlier case as the City suggests.  ECF 88 19:14-20:28.  Where issues raised on appeal from a preliminary injunction ruling are pure issues of law, the Ninth Circuit will consider them in full to decide the law of the case.  *See*, *e.g. Humanitarian Law Project*, 352 F.3d at 393 (declining to reconsider legal challenges that were considered in full in prior preliminary injunction appeal); *Ranchers Cattlemen*, 499 F.3d at 1114 (holding on appeal from preliminary injunction that "[a]ny conclusions on pure issues of law are binding").  The City's own authority acknowledges that the reasons weighing against stays lack force when the issues are purely legal.  ECF 88 16:10-27 (citing *Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1090 (9th Cir. 2013) (holding that cases where stay is inappropriate are a "far cry" from preliminary injunction appeals testing pure issues of law)).

A stay would also prevent this Court from ruling on matters, potentially inconsistently, that are directly before the Ninth Circuit.  *See Morgan Stanley & Co., LLC v. Couch*, No. 1:15-cv-1291-LJO-JLT, 2015 WL 7271717, at *2 (E.D. Cal. Nov. 17, 2015) (exercising discretion to stay because pending motions raised "matters that are the subject of the appeal") (citing *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990)).  The Ninth Circuit will necessarily decide the

issues expressly presented on appeal—whether the Ordinance is preempted by the NLRA, whether the Ordinance violates the Equal Protection Clauses of the U.S. and California Constitutions, and whether the Ordinance violates the Contracts Clauses of the U.S. and California Constitutions.  *See* ECF 72-1 [Ex. 1 pp. 18-19].  These issues go to the heart of the merits of this case.  How the Ninth Circuit decides these issues will necessarily inform SCHCC's other causes of action (i.e., Special Legislation, Bill of Attainder, Violation of Due Process, and § 1983), as these causes of action share legal and factual elements.  It would be the height of inefficiency for this Court to rule ahead of the Ninth Circuit in a way that could potentially conflict with the Ninth Circuit's decision.  On the other hand, waiting for the Ninth Circuit's decision, and potential instructions on remand, will simplify matters.[2]

**C.**  **THE CITY AND SEIU CITE NO AUTHORITY HOLDING THAT A DISTRICT COURT COMMITTED AN ABUSE OF DISCRETION IN GRANTING A STAY PENDING DISPOSITION OF AN APPEAL**

The City devotes five pages of largely block quotes from *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750 (9th Cir. 1982), and its progeny in an attempt to convince this Court that the Ninth Circuit would disapprove of a stay in this case. ECF 80 12:21-18:20.  But not one of the Ninth Circuit decisions the City cites held the grant of a stay was an abuse of discretion.  Although the Ninth Circuit has stated that in some cases it is appropriate to continue with litigation while an appeal is pending, there is no blanket rule against stays.  *See Fraihat v. U.S. Immigration &*

---

[2] The City speculates that additional delay may occur because "SCHCC 'may file a petition for rehearing en banc, a petition for certiorari at the Supreme Court, or both.'"  ECF 88 23:24-27.  That is a red herring.  SCHCC is only moving for a limited stay until the Ninth Circuit issues its decision.  If any party decides that further appellate review is necessary, that party must move for another stay in this Court.

1   *Customs Enforcement*, No. EDCV 19-1546 JGB (SHKx), 2020 WL 6540441, at *3

2   (C.D. Cal. Oct. 30, 2020).

3      The cases cited by the City in which the Ninth Circuit questioned the wisdom

4   of stays pending disposition of preliminary injunction appeals are also inapposite for

5   other reasons.  In some cases, unlike here, the appellants challenged the trial court's

6   application of facts to factors such as the balance of harms or irreparable injury

7   factor.  *See Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.,*

8   *Anchorage, Alaska*, 868 F.2d 1085 (9th Cir. 1989) (challenging trial court's ruling

9   on irreparable harm); *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d

10   668 (1968) (not required to reach legal merits because reversal warranted by district

11   court's misapplication of balance of harms and unsupported finding of irreparable

12   harm); *Melendres v. Arpaio*, 695 F.3d 990, 1002–03 (9th Cir. 2012) (evaluating

13   each of the *Winter* factors in its ruling).[3]  In other cases, the litigants took no steps

14   whatsoever to advance the case while a lengthy appeal had been pending.  *Zepeda v.*

15   *U.S. I.N.S.*, 753 F.2d 719, 723–24 (9th Cir. 1983) (no effort to finalize litigation and

16   district court considered dismissal for failure to prosecute); *Glob. Horizons, Inc. v.*

17   *U.S. Dep't of Labor*, 510 F.3d 1054, (9th Cir. 2007) (no steps to move litigation

18   forward where defendant had answered the complaint).

19      In contrast, SCHCC has presented on appeal issues of law which have the real

20   potential to resolve this case on the merits through invalidation of the Ordinance

21   without any further development of the factual record, leaving damages the only

22

23   [3] In *Caribbean Marine*, 844 F.2d at 673, the Ninth Circuit explained that "because
     the **fully developed factual record** may be materially different from that initially

24   before the district court, our disposition of appeals from most preliminary
     injunctions may provide little guidance as to the appropriate disposition on the

25   merits." (emphasis added).  ere, the appellate record is already much more fully
     developed than the record on appeal from judgment of dismissal after a ruling

26   granting the City's and SEIU's motions to dismiss.  *See, e.g.*, *ARC Ecology v.*
     *United States Department of the Air Force*, 411 F.3d 1092, 1096 (9th Cir. 2005)

27   ("With respect to a Rule 12(b)(6) dismissal, appellate review is limited to the
     contents of the complaint").  This procedural posture makes irrelevant the reason to

28   await final judgment before obtaining appellate review.

1  issue unresolved for summary judgment or trial.  As for timing, appellate briefing is

2  complete and oral argument should take place on the next available calendar.

3      **D.    THIS COURT CAN ALSO GRANT A STAY IN RECOGNITION**

4           **OF JURISDICTIONAL DIVESTITURE**

5       The City asserts that SCHCC "has seemingly abandoned its position that this

6  Court lack[s] jurisdiction over this case while SCHCC's interlocutory appeal is

7  pending."  ECF 88 8:2-4.  SCHCC has not abandoned this position, but merely

8  recognizes that jurisdictional divestiture ultimately is a doctrine, "designed to avoid

9  the confusion and waste of time that might flow from putting the same issues before

10 two courts at the same time[.]"  *Cal. Dep't of Toxic Substances Control v.*

11 *Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1120-21 (9th Cir. 2002).  This is

12 essentially the same orderly course of justice factor from the *Landis* test for

13 discretionary stays.  SCHCC continues to rely on *Morgan Stanley*, as it did in

14 opposition to the motions to dismiss the original complaint filed by the City and

15 SEIU, in which the district court granted a stay based on jurisdictional divestiture.

16 ECF 72 12:3-13:7.  Under either approach, it makes no sense to have the same legal

17 issues before a trial court and appellate court in the same case at the same time.

18 **III.  CONCLUSION**

19      For the foregoing reasons, SCHCC respectfully requests that this Court grant

20 its Motion to Stay Pending Disposition of Appeal.

21 Dated:  October 8, 2021        Respectfully submitted,

22                                SHEPPARD, MULLIN, RICHTER & HAMPTON
23                                LLP

24

25                        By

26                                      DAVID A. SCHWARZ
27                                      Attorneys for Plaintiff

28